JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AGUIRRE,<br><br>                Plaintiff,<br><br>    v.<br><br>FERGUSON ENTERPRISES, LLC, et al.,<br><br>                Defendants. | Case No. 2:23-cv-00848-FLA (DFMx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

**RULING**

On December 19, 2022, Plaintiff Michael Aguirre ("Plaintiff") initiated this action against Defendant Ferguson Enterprises, LLC ("Defendant"), and DOES 1 through 50 in the San Luis Obispo County Superior Court. Dkt. 1-1 ("Compl."). The Complaint asserts eight state-law claims based on the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 et seq. *Id.*

On August 16, 2023, Defendant removed the action to this court based on alleged diversity jurisdiction. Dkt. 1. In its Notice of Removal, Defendant alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000. *Id.* Defendant relies on Plaintiff's Prayer, which seeks $900,000—for loss of past earnings, loss of future earnings, loss of future earnings capacity, past emotional distress, and future emotional distress—and Plaintiff's Notice of Amount of Punitive Damages ("Notice of Punitive Damages"), which seeks $500,000, plus an unspecified amount of attorney's fees and costs. *Id.*; Compl. Prayer; Dkt. 1-7.

On August 2, 2023, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 9. Both Plaintiff and Defendant filed responses. Dkts. 10, 11.

Having reviewed the Notice of Removal and both responses to this court's Order to Show Cause, and for the following reasons, the court finds Defendant fails to establish subject matter jurisdiction and accordingly REMANDS this action to the San Luis Obispo County Superior Court.

**DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the

record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88-89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It is Defendant's burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

### A.   Plaintiff's Prayer and Notice of Amount of Punitive Damages

Here, Plaintiff's Complaint seeks damages in the amount of $900,000, in addition to punitive damages and attorney's fees. Compl. Prayer. Defendant also contends Plaintiff served a Notice of Punitive Damages indicating Plaintiff is seeking $500,000 in punitive damages. Dkt. 10 at 2; Dkt. 1-7. Although both sides agree the amount in controversy exceeds $75,000, neither party presents any additional evidence to support its respective assertions in response to the court's OSC.[1] Instead,

---

[1] In its OSC, the court stated it "is presently unable to conclude it has subject matter jurisdiction under 28 U.S.C. § 1332(a) … [and] finds that the allegations in the Notice of Removal do not demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000." Dkt. 9.

3

Defendant repeatedly refers only to the figures in Plaintiff's Prayer and Plaintiff's Notice of Punitive Damages, as previously cited in Defendant's Notice of Removal.

A statement of damages "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). "A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a bold optimistic prediction." *Romsa v. Ikea U.S. West, Inc.*, Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL 4273265, *2 (C.D. Cal. 2014) (internal quotation marks omitted).

It is clear the $1,400,000 in damages set forth between Plaintiff's Prayer and Notice of Punitive Damages is nothing more than a "bold optimistic prediction" and is not a reasonable estimate of Plaintiff's claims. *See id.* ("The leap from $4,597.77 in medical expenses incurred to [defendant's] assertion that [plaintiff's son] has suffered damages in excess of $75,000 because he cries a lot and wakes up several times a night is difficult to credit. [Defendant] cites no facts that indicate a damages award anywhere near $75,000 – let alone $1,000,000 – is likely."). Significantly, the Complaint and the Notice cite no facts to explain how Plaintiff determined the $900,000 and $500,000 amounts. *See* Compl.; Dkt. 1-7; *Romsa*, 2014 WL 4273265, at *2 (noting plaintiff's statement of damages did not explain how he arrived at his figures); *Schroeder v. Petsmart, Inc.*, Case No. 2:19-cv-01561-FMO (AGRx), 2019 WL 1895573, *2 (C.D. Cal. 2019) (same); *Mata v. Home Depot U.S.A., Inc.*, Case No. 2:22-cv-01758-FMO (AFMx), 2022 WL 3586206, *2 (C.D. Cal. 2022) (same); *see also Owens v. Westwood College Inc.*, 2013 WL 4083624, *4 (C.D. Cal. 2013) (finding plaintiff's settlement demand letters could not be used to establish the amount in controversy requirement because they "demand[ed] an arbitrary settlement figure, with no showing of how [the] figure was calculated").

The court, therefore, declines to consider Plaintiff's demand of $1,400,000 for the purposes of determining the amount in controversy and addresses Defendant's remaining arguments.

4

### B. Lost Wages

Defendant separately asserts that at least $50,000 of lost wages and $100,000 of future lost wages and lost earning capacity are in controversy. Dkt. 10 at 6-7. However, Defendant provides no evidence to substantiate (1) the date of Plaintiff's final workday, (2) Plaintiff's hourly wage, or (3) the number of hours per week Plaintiff typically worked. *See generally* Dkt. 10. Defendant instead relies on the allegations in the Complaint and asks the court to accept them as true. By failing to produce any evidence to support the calculations, Defendant fails to demonstrate by a preponderance of the evidence that any amount of lost wages is in controversy.

### C. Emotional Distress

Next, Defendant asserts the court should presume at least $25,000 in emotional distress damages, if not the $200,000 sought in Plaintiff's Prayer. Dkt. 10 at 8.

To determine the amount of emotional distress damages in controversy, courts consider the amount of emotional distress damages awarded by juries in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1146-47 (E.D. Cal. 2018). "[T]he cases must be factually identical or, at a minimum, analogous to the case at issue." *See Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012).

Courts are not required include emotional distress damages as part of the amount in controversy when the party asserting jurisdiction fails to provide evidence of jury awards from similar cases. *Aguilar v. Wells Fargo Bank, N.A.*, Case No. 5:15-cv-01833-AB (SPx), 2015 WL 6755199, at *6 (C.D. Cal. Nov. 4, 2015); *Rybalnik v. Williams Lea Inc.*, Case No. 2:12-cv-04070-ODW (AGRx), 2012 WL 4739957, at *3 (C.D. Cal. Oct. 4, 2012) ("[M]erely pointing to cases where juries have awarded hefty damages sums in the past without further explanation . . . how the facts in those cases compare to the facts presented here is . . . insufficient to meet [the] burden to establish the amount in controversy by a preponderance of the evidence.").

Here, Defendant fails in its burden. Although Defendant cites to a number of cases with large emotional distress awards, Defendant fails to describe how the facts of this case are similar to the facts of the other cases. Accordingly, the court does not include any emotional distress damages in the demonstrated amount in controversy.

### D.     Punitive Damages

Defendant's inclusion of punitive damages is likewise speculative and insufficient to meet its burden. Defendant asserts $500,000 in punitive damages is in controversy based solely on Plaintiff's Notice. Dkt. 10 at 8-9. As the court addressed, the Notice is not sufficient evidence. Additionally, "the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Ogden v. Dearborn Life Ins. Co.*, --- F. Supp. 3d. ---, 2022 WL 17484616, at *3 (D. Ariz. 2022). "Defendant must present appropriate evidence, such as jury verdicts in analogous cases, to show that a claim for punitive damages establishes that it is more likely than not that the amount in controversy exceeds $75,000." *Id.* This involves "articulat[ing] why the *particular facts* that are alleged in the instant action might warrant extraordinary punitive damages." *Id.* (quoting *Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996)).

Defendant fails to carry this burden and accordingly fails to show that any particular amount of punitive damages is in controversy in this case.

### E.     Attorney's Fees

Finally, Defendant argues that at least $25,000 in attorney's fees are in controversy, based on an assumption of over 67 hours of legal services billed at $375 per hour. Dkt. 10 at 9. "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). But a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-

judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

Defendant fails to submit evidence or identify awards in other cases similar enough that the court can conclude it is more likely than not that Plaintiff may incur a similar fee award. Nonetheless, adding a sum of $25,000 in attorney's fees still does not meet the jurisdictional threshold.

## **CONCLUSION**

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that Defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. Therefore, there is no basis for diversity jurisdiction. *See* 28 U.S.C. § 1332.

For the foregoing reasons, the court REMANDS the action to the San Luis Obispo County Superior Court, Case No. 22CVP0358. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: August 24, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge

7